IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 05 C 5263 |
| BERNADETTE FLAVELL, ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On September 6, 2000, the Commodity Futures Trading Commission (CFTC) filed a complaint against Bernadette Flavell (Flavell), among others. She subsequently made an offer of settlement which was accepted and embodied in an Order effective July 11, 2002. CFTC sued for violations of that Order and now moves for summary judgment. That motion is granted.

The Order required Flavell to pay up to $50,000 pursuant to a ten-year payment plan, the periodic payments being related to her income. Accordingly, she was required to provide sworn financial statements on June 30 and December 31 of each calendar year, starting December 31, 2002, and including June 30, 2011. Each statement was to include a complete itemization of all her rights, title and interest claimed in any asset; an itemization; description and explanation of all transfers of assets during the preceding six months with a value of $1,000 or more; and a detailed description of the source and amount of all income or earnings during that period.

Flavell filed sworn financial statements on November 13, 2003; March 15, 2004; and

September 28, 2004. In none of them did she list any cash; bank or money market accounts; business for which she was an officer, director or owner; transfer of assets in excess of $1,000; or income or payments received. She did not provide financial statements for any other period. The statements she did provide did not disclose the many transactions in which she moved substantial amounts between businesses she owned or to herself and others, or for her benefit. From the time the Order issued to the date this case was filed, there were over 100 transactions of assets in excess of $1,000, one as much as $805,000, and others exceeding $100,000. In short, the statements filed were blatantly false and true statements should have been filed for all periods.

Defendant does not dispute the violations of the Order. Rather, she represents that she was not guilty of the alleged offenses that led to the Order. But those representations (which are unsupported) are irrelevant. Equally irrelevant is defendant's offer on July 26, 2005, shortly before this case was filed, to pay the then agreed amount of $50,000 in cash from an unreported sale of property. The CFTC wants its Order enforced and it has a statutory right to have that happen. Further, in view of defendant's continuing failure to comply with the Order, there appears a reasonable likelihood of future violations. Those continuing violations also justify the imposition of additional civil penalties. 7 U.S.C. §13a-1(d)(1). The CFTC asks for $120,000. We consider a penalty twice that of the earlier penalty to be appropriate. That is, of course, $100,000. Plaintiff is directed to prepare a draft permanent injunction which provides for a penalty of $100,000 and the other relief sought in its motion.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 23, 2007.